UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TIMOTHY  BRISTOL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-00068-JMS-MJD |
| | ) | |
| KALAY COLLEY JOHNSON in personal and | ) | |
| professional capacities, | ) | |
| KELLY  TRUSTY Dr., in personal and | ) | |
| professional capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Amended Complaint for Lack of Jurisdiction**

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 6] is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

Plaintiff Timothy Bristol is an inmate at the Putnamville Correctional Facility, in Greencastle, Indiana. He has sued Kalay Colley Johnson, the Chief Probation Officer for Montgomery County Indiana and Kelly Trusty, Associate Professor of the School of Public Affairs & Administration at Western Michigan University. Bristol alleges that the defendants are liable to him for defamation by producing a document called, "The Rise and Fall of the Great and Powerful

Nonprofit Director." Bristol asks this Court to halt the publication and distribution of this written work. He also seeks $100,000.00 in money damages for defamation.

### III.

Subject to esoteric exceptions not implicated by the circumstances of this case, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina*, 14 F. Supp. 2d 780, 781 (E.D.N.C. 1998). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

As in the original complaint, there is no allegation of conduct in the amended complaint which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). Defamation is a state law claim. Bristol also references the First and Eighth Amendments and the Equal Protection Clause, but no plausible violation of these constitutional rights has been alleged. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

> be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress ....

42 U.S.C. § 1983. The two key elements establishing a violation of § 1983 are (1) a deprivation of a federally guaranteed right, (2) perpetrated under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642, 646 -647 (7th Cir. 2004).

"The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941). There is no basis to conclude that the individual authors were acting under color of state law when they drafted the manuscript at issue.

Second, the facts do not suggest that the plaintiff's rights under the First or Eighth Amendments or the Equal Protection Clause have been violated. The plaintiff alleges that the defendants violated his rights by attempting to strong arm him into signing paperwork that would verify and endorse a case study which the plaintiff states is fictional and filed with inaccuracies. Attached to the complaint is a letter from defendant Kelly Trusty, Ph.D., in which she states that she and Kalay Colley have drafted a case study derived from secondary sources (i.e., newspaper articles, news reports, court documents, law enforcement incident reports and organizational documents) and that as a best practice the plaintiff has the opportunity to review the draft and provide confirmation of the accuracy of the passages related to him and his actions. The plaintiff is under no obligation to respond to this letter. Neither the case study, nor the letter requesting confirmation of the events in question impedes on the plaintiff's constitutional rights.

In addition, there is no allegation which would support the exercise of the court's diversity jurisdiction as to any claim under Indiana state law. This is because a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. Here plaintiff and Defendant Johnson both are citizens of Indiana. *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)); *see also Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676 (7th Cir. 2006).

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(*quoting Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)). That is the case here. The amended complaint (like the original complaint) fails to contain a legally viable claim over which this Court could exercise subject matter jurisdiction and this action is dismissed.

Judgment consistent with this Entry shall now issue.


Date: 2/27/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana


Distribution:

TIMOTHY BRISTOL
244513
PUTNAMVILLE – CF
Electronic Service Participant -- Court Only